FILED
2011 Apr-26  AM 08:51
U.S. DISTRICT COURT
N.D. OF ALABAMA

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| VINCENT LANHAM AND EMILY LANHAM, | ) )<br>) |
| Plaintiffs, | ) )<br>) |
| v. | ) )<br>) |
| PFIZER, Inc., a Delaware corporation, VALLEY HEALTH SYSTEMS, INC., a federally qualified health center, and JENIFER HADLEY, D.O., | ) )<br>)<br>)<br>)<br>)<br>) |
| Defendants. | ) ) |

CIVIL ACTION NO.
2:11-CV-00281-IPJ

(Case in other Court, West Virginia
Southern, 2:10-cv-03157)

DECLARATION OF
JAMES C. ANAGNOS

1.  I am an Attorney Advisor in the General Law Division, Office of the General Counsel, Department of Health and Human Services (the "Department"). I am familiar with the official records of administrative tort claims maintained by the Department as well as with the system by which those records are maintained.

2.  The Department has a Claims Branch that maintains in a computerized database a record of administrative tort claims filed with the Department, including those filed with respect to federally supported health centers that have been deemed to be eligible for Federal Tort Claims Act malpractice coverage.

3.  As a consequence, if a tort had been filed with the department with respect to Valley Health Systems, Inc., its approved delivery sites, or its employees or qualified contractor, a record of that filing would be maintained in the Claims Branch's database.


GOVERNMENT
EXHIBIT
A

-2-

4.  I caused a search of the Claims Branch's database to be conducted and found no record of an administrative tort claim filed by Vincent Lanham and Emily Lanham, or an authorized representative relating to the Valley Health Systems, Inc., and Dr. Jenifer Hadley.

5.  I have also reviewed official agency records and determined that Valley Health Systems, Inc., was deemed eligible for Federal Tort Claims Act malpractice coverage effective June 23, 1996 and that its coverage has continued without interruption since that time.  The Secretary of Health and Human Services' authority to deem entities as Public Health Service employee under 42 U.S.C. § 233(g) has been delegated to the Associate Administrator, Bureau of Primary Health Care, Health Resources and Services Administration.  A copy of the notification by an Associate Administrator, Bureau of Primary Health Care, Health Resources and Services Administration, Department of Health and Human Services, to Valley Health Systems, Inc., is attached to this declaration as Exhibit 1.

6.  Official agency records further indicate that Dr. Jenifer Hadley was an employee of Valley Health Systems, Inc., at all times relevant to the Plaintiffs' claim.

I declare under penalty of perjury that the foregoing is true and correct.  28 U.S.C. § 1746.

Dated at Washington, D.C., this 22ⁿᵈ day of April , 2011.

JAMES C. ANAGNOS
Attorney Advisor, Claims and Employment Law Branch
General Law Division
Office of the General Counsel
Department of Health and Human Services



**DEPARTMENT OF HEALTH & HUMAN SERVICES**
BUREAU OF PRIMARY HEALTH CARE

Public Health Service

JUN 20 1996

Health Resources and
  Services Administration
Bethesda MD 20814

Mr. Steven Shattls
Executive Director
Valley Health Systems
401 Tenth Street
Huntington, West Virginia 25701

Reference: Malpractice Liability Coverage

The Bureau of Primary Health Care (BPHC), in accordance with Section 224(h) of the Public
Health Service (PHS) Act, 42 U.S.C. 233(h) as amended by the Federally Supported Health
Centers Assistance Act of 1995 (Pub.L. 104-73), deems the above named entity to be an
employee of the Federal Government, effective June 23, 1996, for the purposes of Section 224.
Section 224(a) provides liability protection under the Federal Tort Claims Act (FTCA) for
damage for personal injury, including death, resulting from the performance of medical, surgical,
dental, and related functions and is exclusive of any other civil action or proceeding.
This "FTCA coverage" is applicable to deemed entities and their including officers, governing
board members, employees, and contractors who are physicians or other licensed or certified
health care practitioners working full-time (minimum 32.5 hours per week) or part-time
providing family practice, general internal medicine, general pediatrics, or
obstetrical/gynecological services.

Section 224 further provides that hospital admitting privileges cannot be denied on the basis of
having malpractice coverage under the FTCA, if a covered health care professional meets the
appropriate professional qualifications, and agrees to abide by the hospital bylaws and the rules,
and regulations of the medical staff. Moreover, managed care plans are required to accept FTCA
as meeting whatever malpractice insurance coverage requirements such plans may require of
contracting providers. Hospitals and managed care plans that fail to comply shall be in jeopardy
of losing Medicare and Medicaid reimbursements.

In addition, FTCA coverage is comparable to an "occurrence" policy without a monetary cap.
Therefore, any coverage limits that may be mandated by other organizations are met. For
example, a $1.0 million each claim/$3.0 million aggregate occurrence is met since FTCA would,
as appropriate, provide for the payment to a plaintiff of any damages awarded as a result of a
judgment or a settlement approved by the Attorney General, sums in excess of this amount.

For further information, please contact CAPT Marty Bree, Regional FTCA Coordinator, HRSA
Field Office, Philadelphia, Pennsylvania at (215) 596-6655.

Sincerely yours,

Marilyn H. Gaston, M.D.
Assistant Surgeon General
Director

Exhibit —1